## Londergan v. Asamura

C.P. of Bucks County, No. 92-00183-29.

*Michael D. Fishbein,* for plaintiff.
*Harry B. Gosnear,* for defendant Asamura.

*Martin J. Corr,* for defendant State Farm.

FRITSCH JR., *J.*, August 2, 2011—The matter presently before the court is the appeal of Frances Londergan (hereinafter "appellant") from this court's orders of February 4, 2011, and June 13, 2011, in which we entered a judgment of non pros against appellant and subsequently denied her petition to open and/or strike the judgment of non pros.

## BACKGROUND

On January 8, 1992, appellant filed a complaint in the Bucks County Court of Common Pleas alleging personal injuries related to an altercation occurring at Doylestown Auto Center on March 14, 1991. The complaint alleged that appellee William Asamura (hereinafter "Asamura"), acting in the scope of his employment with appellee State Farm Insurance Company (hereinafter "State Farm"), violently struck appellant on the right side of her face, seriously and permanently injuring her, following a dispute over the appraisal of damages to a motor vehicle. The complaint set forth claims for negligence, intentional battery and trespass.

Following the close of pleadings in October of 1992, the parties began to conduct discovery. As part of the discovery process, the parties deposed eight individuals between February of 1995 and April of 1998. On March 29, 1996, the first termination notice was sent out by the Prothonotary's Office for lack of activity on the docket for a period of over two years. Michael T. Fishbein, Esquire, counsel for appellant, filed a certificate of active status on April 11, 1996 in order to keep the case open. On December

7, 1998, a praecipe for jury trial was filed for the first time in this matter. It appears, for reasons unclear from the record, that the matter was never actually listed for trial. The parties continued with the discovery process, which included an Independent Medical Examination ("IME") of appellant conducted by Dr. Zlock. A second trial praecipe was filed on April 20, 2001, and the matter was listed for trial during the term of June 18 through June 29, 2001. Subsequently, the matter was stricken from the trial list at the request of Earl T. Britt, Esquire, counsel for defendant Asamura, because of a pre-paid vacation. Attorney Britt informed the court administrator that due to the schedules of all counsel involved in the case, the earliest the matter could be re-listed would be in September of 2001. The court administrator informed attorney Britt, in a letter in which counsel for all parties were copied, that a new trial praecipe would need to be filed in order to have the case placed on a trial list.

During the period of May 2003 through February 2010, the docket indicates that the Prothonotary's Office mailed out four termination notices.[1] In response to every termination notice, appellant's counsel filed a certificate of active status.[2] During that time period, no other activity appears on the docket.

On July 16, 2010, Asamura filed a motion for judgment of non pros. On July 19, 2010, State Farm filed a nearly identical motion for judgment of non pros. On August 18,

---

1. Termination notices were sent by the Prothonotary on the following dates: 5/2/2003, 5/13/2005, 6/15/2007 and 2/9/2010.

2. Certificates of active status were filed with the Prothonotary on the following dates: 5/9/2003, 5/25/2005, 6/21/2007 and 2/22/2010.

2010, appellant filed separate answers with new matter to both motions for judgment of non pros. On December 6 and 8, 2010, Asamura and State Farm, respectively, filed a praecipe for disposition of their motions under Bucks County Local Rule 208.3(b). On February 7, 2011, in two separate orders, we granted the motions for judgment of non pros and entered a judgment against appellant and in favor of Asamura and State Farm.

On February 28, 2011, appellant filed a petition to open and/or strike the judgment of non pros. On April 18, 2011, State Farm filed an answer to the petition to open and/or strike the judgment of non pros. On April 21, 2011, Asamura filed his answer to the petition. On the same day, appellant filed a praecipe for disposition of the petition under Bucks County Local Rule 208.3(b). On June 13, 2011, we entered an order denying the petition to open and/or strike the judgment of non pros.

On or about July 1, 2011, appellant filed a notice of appeal with Superior Court to the orders granting the judgment of non pros in favor of Asamura and State Farm and the order denying her petition to open and/or strike the judgment of non pros.

## STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

Upon request of this court, pursuant to Pennsylvania Rule of Appellate Procedure 1925, appellant has filed a general concise statement of errors complained of on appeal. Appellant contends that she is unable to discern the basis for the orders underlying the present appeal and therefore unable to file a more specific statement.

Nonetheless, appellant has filed a statement which lists generalized errors she believes this court has committed.

## DISCUSSION

*Judgment of Non Pros*

Asamura and State Farm filed nearly identical motions for judgment of non pros against appellant at approximately the same time. Although appellant individually responded to both motions, the same underlying facts apply with respect to the analysis of each motion.

Non Prosequitur, commonly referred to as non pros, is a judgment entered by the trial court that terminates the plaintiff's action due to the plaintiff's failure to properly and/or promptly prosecute the case. See *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998). The Pennsylvania Supreme Court in *James Brothers Company v. Union Banking and Trust Company of Dubois*, announced a three part test for entering a judgment of non pros as follows:

> A court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death or unexplained absence of material witnesses.

*James Brothers Company v. Union Banking and Trust Company of Dubois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

In the present case, appellant's actions show a clear lack

of due diligence and failure to proceed with reasonable promptitude. The present action was initiated in 1992 and was last listed for trial in 2001. In the nearly 10 years since the last trial listing, appellant has done nothing more than file certificates of active status and has taken no action to move this case forward. Upon the filing of motions for judgment of non pros with the court, appellant claims that suddenly she is ready, willing and prepared to file a praecipe listing this matter for trial.

Furthermore, appellant has not presented a compelling reason to explain the delay. Appellant has provided a plethora of reasons explaining why the case has essentially sat dormant. None of those reasons, however, justify a delay of almost 10 years. Appellant's counsel explains that for a period beginning in the fall of 2001, he was involved in class action litigation surrounding the diet drug "FenPhen." Allegedly, counsel's around-the-clock involvement with the class-action litigation made it "extremely difficult, if not altogether impossible" to pursue the present litigation. The court certainly recognizes the efforts of appellant's counsel in relation to the "FenPhen" litigation. Such an obligation, however, does not excuse an attorney from performing due diligence on other cases he has willingly undertaken. Additionally, appellant cites an emotional and legally difficult divorce from her husband as a reason for the delay. Although the divorce action may have taken precedence in her personal life, it is not a sufficient reason to excuse the lengthy delay that has resulted in years of inactivity on the present case.

Appellant also attempts to shift blame for the delay over to counsel for Asamura. Appellant argues that

counsel for Asamura is responsible for the delay in that he was assigned the responsibility to file a trial praecipe in September of 2001, on the basis that the letter from the court administrator indicating that a new trial praecipe would need to be filed was addressed to him.[3] We do not find this argument to be persuasive. The law in Pennsylvania is well settled that a plaintiff has a duty to move her cause of action forward. Based on that established principle, appellant was responsible for making sure that the case was re-listed for trial. Even if appellant's counsel believed that Asamura's counsel should have filed a new trial praecipe, when Asamura's counsel failed to do so, it became the duty of appellant to move the case forward.

The failure to promptly move the case forward also caused prejudice to Asamura and State Farm. The alleged altercation took place on March 14, 1991, over twenty years ago. Key witnesses were deposed in this matter between 1995 and 1998. It is highly probable that those witnesses, if even available, will now be unable to recall the events surrounding the altercation. Dr. Zlock, who performed the IME of appellant, is now retired and is unable to locate any records that could assist him in testifying with respect to that examination. Furthermore, Asamura's counsel, attorney Britt, is now permanently disabled and would be unable to assist in his defense.

Based on the foregoing reasons, we determined that

---

3. As noted above, the letter from the court administrator was copied to counsel for all parties involved. As such, all counsel were aware of the procedures that needed to be complied with in order to have the matter re-listed for trial.

it was proper to enter a judgment of non pros against appellant and in favor of Asamura and State Farm.

*Open and/or Strike Judgment*

In response to the entry of judgment of non pros, appellant filed a petition to open and/or strike the judgment of non pros. Both Asamura and State Farm timely filed responses in opposition to the petition.

The Pennsylvania Superior Court has stated that the initial entry of judgment of non pros and a subsequent request for relief from a judgment of non pros are governed by different standards. *Stephens v. Messick,* 799 A.2d 793, 797 (Pa. Super. 2002). In *Stephens,* the Pennsylvania Superior Court set forth the following three part test to determine whether a party may obtain relief from a judgment of non pros:

> First, the petition seeking relief from the judgment of non pros must be promptly filed. Second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of non pros. Third, the movant must show facts to exist that would support a meritorious cause of action. A trial court's decision to deny a petition to open or strike a judgment of non pros is scrutinized on the abuse of discretion standard of appellate review.

*Stephens,* 799 A.2d at 798.

In the present case, appellant clearly was prompt in filing the petition to open and/or strike the judgment of non pros. The judgment of non pros was entered on February 7, 2011. The petition to open and/or strike the

judgment of non pros was filed on February 28, 2011. A period of three weeks elapsed before appellant sought relief from the judgment of non pros. As such, the petition was promptly filed.

With respect to the second prong, we believe that there was not a reasonable explanation for the delay that caused the judgment of non pros to be entered. As discussed above, we do not find that appellant's personal problems or counsel for appellant's involvement in class action litigation to be reasonable explanations for a delay of almost 10 years in activity on the docket. Additionally, we do not find appellant's contention that Asamura was solely responsible for listing the case for trial to be persuasive.

With respect to the third prong regarding the meritorious cause of action, we believe that the facts of record are sufficient to sustain the causes of action pled by appellant. Regardless, our decision to deny relief from the entry of a judgment of non pros does not rest on the merit or lack of merit of appellant's causes of action but rather the unreasonable delay in pursuing those causes of action.

Based on the reasons stated herein, we found that appellant was unable to provide a reasonable explanation for the delay that resulted in the entry of a judgment of non pros. As such, we denied the petition to open and/or strike the judgment of non pros.

## CONCLUSION

We found that appellant did not set forth a reasonable explanation for the delay in bringing this 1992 case to trial. Accordingly, we believe that the present appeal lacks merit.