J-A01040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD T. O'BRIEN, M.D., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREAT LAKES ONCOLOGY HEMATOLOGY, INC., PHYSICIAN ONCOLOGY NETWORK, THE REGIONAL CANCER CENTER, RANJIT S. DHALIWAL, M.D., PHILIP H. SYMES, M.D., CONRAD J. STACHELEK, M.D., AND JAN M. ROTHMAN, M.D., | |
| Appellees | No. 535 WDA 2014 |

Appeal from the Order entered March 20, 2014
in the Court of Common Pleas of Erie County,
Civil Division at No(s): 11327-2008

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JANUARY 23, 2015**

Edward T. O'Brien, M.D., ("Appellant"), appeals from the trial court's order denying his petition to open and/or strike the judgment of *non pros* which the trial court entered in favor of Great Lakes Oncology Hematology, Inc., ("GLOHA"), Physician Oncology Network, ("PON"), The Regional Cancer Center, ("RCC"), Philip H. Symes, M.D., Conrad J. Stachelek, M.D., and Jan M. Rothman, M.D., (collectively "Physicians"), and Ranjit S. Dhaliwal, M.D. ("Dr. Dhaliwal").  We affirm.  Further, for the reasons stated below, we deny GLOHA's and Physicians' motion to quash this appeal as untimely.

Appellant presents the following issues:

1. Whether the trial court erred as a matter of law and/or abused its discretion in granting the motions for judgment of non pros filed on behalf of [Physicians] and GLOHA; and/or in denying [Appellant's] petition to open and/or strike said judgments?

2. Whether the trial court erred as a matter of law and/or abused its discretion in granting the motion for judgment of non pros filed on behalf of Appellees PON and RCC; and/or in denying [Appellant's] petition to open and/or strike said judgments?

3. Whether the trial court erred as a matter of law and/or abused its discretion in denying [Appellant's] motion to substitute the Co-Executors of the Estate of Dhaliwal as defendants and entering judgment in favor of Dhaliwal?

Appellant's Brief at 4-5.

Appellant's first and second issues challenge the trial court's order denying Appellant's petition pursuant to Pa.R.C.P. 3051 to strike and/or open the judgment of *non pros* entered in favor of GLOHA, PON, RCC, and Physicians. Our analysis is guided by the following:

A request to open a judgment of *non pros,* like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, a three-pronged test must be satisfied: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist that support a cause of action. *Madrid v. Alpine Mountain Corp.,* 24 A.3d 380, 381 (Pa. Super.2011) (citation omitted); Pa.R.C.P. 3051. A petition under Pa.R.C.P. 3051 is the only means by which relief from a judgment of *non pros* may be sought. *Id.;* Pa.R.C.P. 3051, Comment. "Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike." *Madrid,* 24 A.3d at 381–382 (citation omitted). The "failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of *non pros.*" *Id.* at 382. Finally, a trial court's decision to deny a petition to open or strike a judgment

- 2 -

of *non pros* is reviewed pursuant to an abuse of discretion standard. *Id.* (citation omitted).

> *See Bartolomeo v. Marshall,* 69 A.3d 610, 613-614 (Pa. Super. 2013).

Further, Pa.R.C.P. 3051 provides in pertinent part:

**Rule 3051. Relief from Judgment of Non Pros**

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and

(3) there is a meritorious cause of action.

\*\*\*

(c) If the relief sought includes the opening of the judgment of non pros for inactivity, the petition shall allege facts showing that

> *Note:* The "inactivity" covered by this subdivision is governed by and subject to *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998).

(1) the petition is timely filed,

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of non pros does not support a finding that the following requirements for entry of a judgment of non pros for inactivity have been satisfied:

> (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

(ii) the plaintiff has failed to show a compelling reason for the delay, and

(iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051(a)-(c).

Appellant's third issue challenges the trial court's denial of Appellant's motion to substitute Dr. Dhaliwal, who died during the course of this litigation, with Dr. Dhaliwal's estate and its co-executors. In analyzing Appellant's third issue, we recognize that substituting parties lies within the sound discretion of the trial court, and we will not disturb such a determination absent an abuse of discretion by the trial court. *Rosenberg v. Silver,* 97 A.2d 92, 94 (Pa. 1953).

Mindful of the foregoing precepts and standards of review applicable to Appellant's issues, we carefully examined the certified record. Instantly, on January 23, 2014, the trial court granted a judgment of *non pros* in favor of GLOHA and Physicians, which detailed the factual background and procedural posture of this action. The January 23, 2014 order, in its attached opinion, further addressed the July 18, 2013 praecipe for a rule to show cause filed by Appellant seeking to substitute Dr. Dhaliwal with his estate and its co-executors as parties to the action. The trial court's January 23, 2014 order stated that Dr. Dhaliwal's estate and its co-executors shall not be substituted as parties to the action.

On February 3, 2014, Appellant timely petitioned for relief from the judgment of *non pros* in favor of GLOHA and Physicians pursuant to

Pa.R.C.P. 3051. On February 13, 2004, the trial court denied Appellant's petition relying on the rationale the trial court espoused in its January 23, 2014 order and finding that Appellant had not satisfied the requirements for relief under Pa.R.C.P. 3051.

On March 3, 2014, the trial court granted judgment of *non pros* in favor of PON and RCC for the reasons which were set forth in the trial court's January 23, 2014 order. On March 15, 2014, Appellant filed a timely petition for relief from the judgment of *non pros* in favor of PON and RCC pursuant to Pa.R.C.P. 3051. On March 20, 2014, the trial court denied Appellant's petition. In its March 20, 2014 order, the trial court again relied on its January 23, 2014 order, and found that Appellant had not met the requirements set forth in Pa.R.C.P. 3051.

On April 2, 2014, Appellant filed a notice of appeal from the trial court's March 20, 2014 order denying Appellant's Rule 3051 petition for relief from the judgment of *non pros* in favor of PON and RCC. On April 17, 2014, Appellant filed an amended notice of appeal to include an appeal from the trial court's February 13, 2014 order denying Appellant's petition for relief from the judgment of *non pros* in favor of GLOHA and Physicians.

On August 20, 2014, GLOHA and Physicians filed a motion to quash this appeal as untimely. Ordinarily, Appellant would have been required to appeal the trial court's February 13, 2014 order denying Appellant's Rule 3051 petition regarding GLOHA and Physicians by on or before March 17, 2014. **See Bartolomeo,** 69 A.3d at 611 n1; 613-614 (Pa. Super. 2013);

*see also* Pa.R.A.P. 903(a). However, given the particular facts of this case, the nature of the allegations, and the interplay between the parties, we are not persuaded that the action was completely resolved by the trial court's February 13, 2014 order such that Appellant was required to appeal by March 17, 2014. ***See Southwestern Energy Production Co. v. Forest Resources, LLC,*** 83 A.3d 177, 184 (Pa. Super. 2013) (an order is not final and immediately appealable where it does not "completely resolve the dispute"). Rather, we find that based on the particular circumstances of this action, Appellant was required to file his appeal from the March 20, 2014 order which completely resolved this dispute. Therefore, we deny GLOHA's and Physicians' motions to quash this appeal.

After a careful examination of the record and applicable case law, we have determined that Appellant's claims of trial court error lack merit. In disposing of this appeal, we adopt and incorporate as our own the Honorable Shad Connelly's January 23, 2014, February 13, 2014, and March 20, 2014 orders. These orders, collectively and in a well-reasoned and well-written fashion, address Appellant's challenges to the trial court's denial of Appellant's Rule 3051 petitions for relief from the judgments of *non pros* in favor of GLOHA, PON, RCC, and Physicians, and the trial court's determination not to substitute Dr. Dhaliwal's estate and its co-executors for Dr. Dhaliwal as parties to this action. We therefore adopt the trial court's January 23, 2014, February 13, 2014, and March 20, 2014 orders in affirming the trial court's denial of Appellants' Rule 3051 petitions and in

- 6 -

declining to substitute Dr. Dhaliwal and its co-executors as parties to this action.

Order affirmed. Motions to quash appeal filed by GLOHA and Physicians denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015

EDWARD T. O'BRIEN, M.D.,
    Plaintiff

        v.

GREAT LAKES ONCOLOGY
HEMATOLOGY, INC., PHYSICIAN
ONCOLOGY NETWORK, THE
REGIONAL CANCER CENTER, RANJIT
S. DHALIWAL, M.D., PHILIP H. SYMES,
M.D., CONRAD J. STACHELEK, M.D.,
and JAN M. ROTHMAN, M.D.
    Defendants.

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

CIVIL DIVISION

No. 11327-2008

**OPINION**

Connelly, J. January 23, 2014

The matter before the Court is pursuant to Motions for Judgment of Non Pros filed by Great Lakes Oncology Hematology Associates, Inc., (hereinafter "Defendant GLOHA"), and Philip H. Symes, M.D., Conrad J. Stachelek, M.D., and Jan M. Rothman, M.D., (hereinafter "M.D. Defendants"), as well as a Rule to Show Cause why the Executors of Ranjit S. Dhaliwal, M.D.'s Estate should not be substituted for Defendant Dhaliwal. Plaintiff opposes the Motions for Judgment of Non Pros.

**Statement of Facts**

Plaintiff asserts he is owed vacation and disability compensation pursuant to a medically related leave from his practice with Defendant GLOHA between June 6, 2003, and October 9, 2003. **Am. Compl. ¶¶ 35-37**. Plaintiff also avers Defendant GLOHA owes him the value of his shares pursuant to the termination of his employment. **Id. at ¶ 72**. Plaintiff asserts M.D. Defendants and Defendant Dhaliwal "acted fraudulently with respect to the transfer of receipt of the funds distributed by GLOHA." **Id. at ¶ 106**.

1

On March 3, 2013, Defendant Dhaliwal passed away. *Plaintiff's Praecipe, ¶ 1.* On July 18, 2013, Plaintiff filed a Praecipe for Rule upon Brinderjit S. Dhaliwal and Gurdeet S. Dhaliwal, the executors of Defendant Dhaliwal's estate, to show cause why they should not be substituted as Defendants. *Id.* On August 12, 2013, Brinderjit S. and Gurdeet S. Dhaliwal (hereinafter "Executors") filed an Answer and New Matter and Response contending they should not be substituted as Defendants due to Plaintiff's "unreasonably and unjustifiably delayed prosecution of this action. . .[which] would result in significant prejudice." *Executors' Ans. and New Matter and Resp. 1-2.*

On September 3, 2013, M.D. Defendants filed their Motion for Judgment of Non Pros. On September 11, 2013, Defendant GLOHA filed its Motion for Judgment of Non Pros. Plaintiff filed Responses and a Memorandum in opposition to these motions.

### Analysis of Law

The issue of whether to enter judgment of non pros due to a plaintiff's failure to prosecute an action within a reasonable time rests within the discretion of the trial court. *Herb v. Snyder*, 686 A.2d 412, 415 (Pa. Super. 1996) (citation omitted). The Pennsylvania Supreme Court held:

> To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause *actual* prejudice to the defendant.

*Jacobs v. Halloran*, 710 A.2d 1098, 1103 (Pa. 1998) (emphasis in original).

2

Defendants[1] assert a judgment of non pros should be entered "because Plaintiff has failed to pursue his causes of action with due diligence, Plaintiff can show no compelling explanation for his lack of due diligence and [Defendants have] sustained actual prejudice from the failure of Plaintiff to proceed with due diligence." *Def. GLOHA's Mot. for J. of Non Pros ¶ 31, M.D. Defs.' Mot. for J. of Non Pros ¶ 19.* Plaintiff argues the Motions for Judgment of Non Pros should be denied as the Defendants have not met their burden of proof. *Pl.'s Mem. In Opp. 2.*

"[T]he law is settled that it is plaintiff's burden to move a case to trial, and it is plaintiff, not defendant, who bears the risk of not acting within a reasonable time." *Pennridge Elec., Inc. v. Souderton Area Joint Sch. Auth.*, 615 A.2d 95, 99 (Pa. Super. 1992). In the instant case, Defendant GLOHA asserts "[s]ince March 10, 2010, there has been no substantive docket or nondocket activity in this case other than a filing of a joint stipulation for the entry of a protective order on May 24, 2013, a period in excess of three and one-half (3-1/2) years." *Def. GLOHA's Mot. for J. of Non Pros ¶ 16.* Plaintiff argues relying on "time alone in support of seeking a judgment of non pros. . .is misplaced." *Pl.'s Mem. In Opp. 4.* Plaintiff asserts non-docket activity, including drafting of the protective order, the deposition of Defendant Dhaliwal for a different case, interviews and attempted interviews of non-party witnesses, and Plaintiff's attempts to schedule party depositions demonstrate his due diligence in moving the case forward. *Pl.'s Mem. In Opp. 8-9.*

The Pennsylvania Superior Court found non-docketed discovery such as "interrogatories, requests for admissions, and requests for production of documents" to

---

[1] M.D. Defendants and Defendant GLOHA's Motions for Non Pros shall be addressed together for ease of disposition.

3

be insufficient to establish due diligence where the activity took place during only two (2) months of a four year period. *Hughes v. Fink, Fink & Assocs.*, 718 A.2d 316, 319-320 (Pa. Super. 1998) ("[I]t is Appellant's position that despite the fact that almost four years have elapsed without docket activity, a mere two months of non-docketed discovery is sufficient to establish due diligence. We are unpersuaded.") See *Madrid v. Alpine Mt. Corp.*, 24 A.3d 380, 383-384 (Pa. Super. 2011) appeal denied 2012 Pa. LEXIS 599 (March 21, 2012) (Two and a half years of inactivity led to the grant of judgment of non pros.); *Luff v. Allstate Ins. Co.*, 2006 Phila. Ct. Com. Pl. LEXIS 422, *4 (Philadelphia 2006) affirmed without opinion 929 A.2d 254 (Pa. Super. 2007) (Court granted a judgment of non pros due to Plaintiff's failure to move forward with an underlying claim for four (4) years.)

Here, Plaintiff contends non-docket activity including "an initial draft of a protective order" in March of 2010, ten depositions taken in Dhaliwal's case[2] between May 9, 2011 and June 1, 2012, and attempts to schedule depositions in the instant case starting in January 2013 are sufficient to establish due diligence. *Pl.'s Mem. In Opp. 8-9.* Defendant GLOHA argues Plaintiff did not identify the seven (7) potential deponents in the instant case until April 7, 2013 and those depositions could not be taken until Defendant Dhaliwal's executors are substituted in this action. *Pl.'s Mem. In Opp. 8-9, Def. GLOHA's Br. in Supp. 3.* Defendant GLOHA asserts "Plaintiff's 'discussions' and strategy sessions with Dr. Dhaliwal relating to Dr. Dhaliwal's lawsuit did not advance Plaintiff's lawsuit." *Def. GLOHA's Mot. for J. of Non Pros, ¶ 30.*

---

[2] *Dhaliwal v. The Regional Cancer Center*, Docket No. 10774-2008.

4

Here, the record reflects that during the over three (3) years of inactivity on the docket depositions were taken for a different case involving Defendant Dhaliwal and the M.D. Defendants, Plaintiff drafted but did not execute a protective order, and Plaintiff attempted to schedule depositions. Plaintiff's attempts to schedule depositions began in January 2013, thus comprising only three months of activity before the death of Defendant Dhaliwal. *Pl.'s Mem. In Opp. 8-9.* The Court is unpersuaded by Plaintiff's contentions that three months of non-docketed activity, as well as the drafting of one document and depositions taken for a separate case, are sufficient to demonstrate due diligence. Thus, the Court finds a lack of due diligence on the part of the Plaintiff in failing to proceed with reasonable promptitude.

Next, M.D. Defendants assert Plaintiff "can show no compelling reason for his delay in pursuing this action." *M.D. Defs.' Br. in Supp. 8.* Defendant GLOHA avers "Plaintiff's strategy to suspend all progress in our case for more than three (3) years while Dr. Dhaliwal's lawsuit proceeded through discovery, did not move our case forward at all and it is not the type nor quality of non-docket activity that is a 'compelling reason' for docket inactivity." *Def. GLOHA's Br. in Supp. 11.* Plaintiff argues Defendants have not taken into consideration "all activities and circumstances" involving the instant case. *Pl.'s Mem. In Opp. 12.*

The Pennsylvania Supreme Court has found non-docketed activity "can be examined in deciding whether a compelling reason exists." *Marino v. Hackman*, 710 A.2d 1108, 1111 (Pa. 1998). In *Marino* the Court found:

> This case had an unusual amount of activity not entered on the docket: the death of Appellants' first attorney and the substitution of his partner, an attorney not known or selected by Appellants; the taking of depositions of all the parties; the

5

replacement of Appellants' second attorney because of Appellants' perception that he was not moving their case forward; the difficulties encountered by Appellants' third attorney in obtaining the case file from Appellants' second attorney as well as difficulty in getting the second attorney to withdraw his appearance; the exchange of letters seeking a settlement of the case; and, finally, a telephone discussion of certifying the case ready for trial.

*Id.*

Plaintiff avers he attempted to schedule depositions in this case but "[s]cheduling conflicts with counsel and their clients made this process very difficult." *Pl.'s Resp. to Def. GLOHA's Mot. for Non Pros ¶ 16 p. 6.* In *Hughes v. Fink, Fink & Assocs.,* the Superior Court found unpersuasive the plaintiff's contention that defendants' "failure to respond to discovery requests caused the delay. . ." **Hughes,** 718 A.2d 320. ("We remind Appellant of the well-established rule that it is the plaintiff's responsibility to move the case forward. . .and the plaintiff who bears the risk of judgment of non pros if he fails to act within a reasonable time to prosecute his case.")

Plaintiff also contends "it often times is more productive and cost effective to pursue informal discovery. . ." *Pl.'s Mem. In Opp. 13.* However, "[i]t has been held many times that...financial considerations do not present compelling reasons for delay." *Mackintosh-Hemphill Int'l v. Gulf & W.,* 679 A.2d 1275, 1280 (Pa. Super. 1996) quoting *County of Erie v. Peerless Heater Co.,* 660 A.2d 238, 240 (Commwlth. 1995). See *Dorich v. DiBacco,* 656 A.2d 522, 524-525 (Pa. Super. 1995) (Finding plaintiff's claim to be "economically unable to obtain" expert witnesses to not be a compelling reason for docket inactivity.)

Plaintiff also avers the discovery in Defendant Dhaliwal's case benefited both parties as "the underlying scheme, motive, and defendants are substantially identical in

6

both suits thus, leading to the decision that collaboration between Plaintiff and Dhaliwal made sense." *Pl.'s Resp. to Def. GLOHA's Mot. for Non Pros ¶ 29*. M.D. Defendants assert "it is outrageous to suggest that the taking of a party's deposition in one lawsuit constitutes action in a separate lawsuit. Moreover, the parties in each action are not identical." *M.D. Defs.' Br. in Supp. 9*. Defendant GLOHA asserts it is not a party in Dr. Dhaliwal's law suit and "the salient events allegedly supporting the Dhaliwal lawsuit and those of the O'Brien lawsuit are separated by at least three (3) years." *Def. GLOHA's Mot. for J. of Non Pros, ¶ 30*. For example:

> Dr. O'Brien's lawsuit arises from events that occurred in 2003 and early 2004 allegedly resulting in his loss of employment with GLOHA and loss of his medical privileges at RCC. Dr. Dhaliwal's suit involves events that occurred in the first six months of 2007 involving the negotiation of the 2007 Physician Services Agreement between PON and the various physician oncologists employed by PON.

*M.D. Defs.' Br. in Supp. 4*.

The Court of Common Pleas of Bucks County found no compelling reason existed for almost ten years of docket inactivity where:

> Appellant's counsel explains that for a period beginning in the fall of 2001, he was involved in class action litigation surrounding the diet drug 'FenPhen.' Allegedly, counsel's around-the-clock involvement with the class-action litigation made it "extremely difficult, if not altogether impossible" to pursue the present litigation. The Court certainly recognizes the efforts of Appellant's counsel in relation to the 'FenPhen' litigation. Such an obligation, however, does not excuse an attorney from performing due diligence on other cases he has willingly undertaken.

*Londergan v. Asamura*, 25 Pa. D. & C.5th 18, 24 (Bucks 2011) affirmed without opinion 48 A.3d 489 (Pa. Super. 2012).

7

However,

> [e]xamples of situations in which there will be a per se determination that there is a compelling reason for the delay, thus, defeating dismissal, are cases where the delaying party establishes that the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law.

*Penn Piping, Inc. v. Insurance Co. of N. Am.,* 603 A.2d 1006, 1009 n.2 (Pa. 1992) overruled on other grounds by *Jacobs v. Halloran,* 710 A.2d 1098 (Pa. 1998).

Unlike the non-docketed activity in *Marino*, Plaintiff's non-docketed proceedings between March 1, 2010, and May 24, 2013, are not sufficient to establish a compelling reason for the over three year delay in pursuing the instant case. Here, discovery completed in the separate case, the economic benefits of Plaintiff's "informal discovery", and scheduling conflicts with other counsel do not create compelling reasons for the delay. Although the parties agree that after Defendant Dhaliwal's death depositions could not be scheduled until his executors were substituted in this case, the Court finds this is not a compelling reason for Plaintiff's delay as over three years had passed without meaningful docket or non-docketed activity before Defendant Dhaliwal's death. Thus, the Court finds Plaintiff has presented no compelling reason for the delay in pursuing this case.

Finally, M.D. Defendants assert they have been prejudiced because:

> First, the testimony of Dr. Dhaliwal, the former President of GLOHA, as co-defendant on Counts XIII through XV of the Amended Complaint and a material witness, is not available to benefit the Remaining Physician Defendants' defense. Second, to the extent Dr. O'Brien would offer self-serving testimony of his acknowledged meetings and conversations with Dr. Dhaliwal, Dr. Dhaliwal is no longer available to rebut that self-serving testimony. Third, the Remaining Physician Defendants are prejudiced by the fact that any verdict on

8

Counts XIII through XV would be their sole responsibility without any contribution from Dr. Dhaliwal or his estate.

*M.D. Defs.' Br. in Supp. 12.*

Plaintiff argues M.D. Defendants' allegations "fall short of the burden. . .to establish a 'substantial diminution' of their ability to defend against this action. . ." *Pl.'s Resp. to M.D. Defs.' Mot. for Non Pros ¶ 19(c)(i-iii).* Plaintiff asserts M.D. Defendants have:

> a) already deposed Dhaliwal in his related action, b) cannot claim prejudice for any judgment that may have to be paid, in particular, since they did not file any cross-claim against Dhaliwal, and c) [M.D. Defendants] practiced with Dhaliwal and were in as good or a better position to testify as to any conversations with Dhaliwal.

*Pl.'s Resp. to M.D. Defs.' Mot. for Non Pros ¶ 19(c)(i-iii).*

Defendant GLOHA asserts it has been prejudiced by Defendant Dhaliwal's death as he "was one of the shareholders and/or officers of GLOHA during the events allegedly giving rise to Plaintiff's causes of action." *Def. GLOHA's Mot. for J. of Non Pros, ¶ 21.* Defendant GLOHA avers Dhaliwal is allegedly "one of the individuals" liable for failing to pay Plaintiff's salary and violating the Fraudulent Conveyance Act. *Def. GLOHA's Mot. for J. of Non Pros, ¶¶ 21-22.* Plaintiff argues Defendant GLOHA has not "suffered the required degree of prejudice to warrant entry of a judgment of non pros. . ." *Pl.'s Resp. to Def. GLOHA's Mot. for J. of Non Pros, ¶ 21.*

"The Superior Court has further defined prejudice as 'any substantial diminution of a party's ability to properly present its case at trial.'" *Jacobs*, 710 A.2d 1103; *quoting Metz Contracting Inc. v. Riverwood Builders, Inc.*, 520 A.2d 891, 894 (Pa. Super. 1987). Importantly, the Supreme Court of Pennsylvania has held that prejudice can be

9

established by the death or absence of a material witness. *James Brothers Co. v. Union Banking and Trust Co. of DuBois*, 247 A.2d 587, 589 (Pa. 1968).

Plaintiff avers Defendant Dhaliwal's death has not prejudiced the M.D. Defendants as they do not know what Plaintiff "is yet to testify to on this case. Nor do they even know if he will rely upon any statements made by Dhaliwal that cannot be independently verified by other sources, or for that matter, by any of the other defendants in this case." *Pl.'s Mem. in Opp. 21*. Defendant GLOHA asserts "[t]here is nothing in the record to permit us to know" that the information known by Dr. Dhaliwal "can be gathered from the [M.D. Defendants]." *Def. GLOHA's Br. in Supp. 12-13*. Defendant GLOHA also asserts as it is not a party to Dr. Dhaliwal's lawsuit it did not have the opportunity to participate in his deposition. *Def. GLOHA's Br. in Supp. 12*.

Plaintiff's allegations "occurred in 2003 and the first half of 2004, more than nine to ten years ago." *M.D. Defs.' Mot. for J. of Non Pros. ¶ 4*. "No depositions have been taken in this case, and the testimony of a critical Defendant, Dr. Dhaliwal, is no longer possible." *M.D. Defs.' Mot. for J. of Non Pros. ¶ 18*. The Pennsylvania Supreme Court has found, "[w]e recognize that defendants may be prejudiced by undue delays in litigation - - memories fade, witnesses disappear and documents become lost or are destroyed." *Jacobs*, 710 A.2d 1102. Here, ten years have passed since the events alleged in the Amended Complaint, no depositions have ever been taken, and one party/material witness has died. Thus, the Court finds Defendant GLOHA and the M.D. Defendants have been prejudiced by Plaintiff's delay, having established a substantial diminution of their ability to properly present their case at trial.

Therefore, as Defendant GLOHA and the M.D. Defendants have established Plaintiff's lack of due diligence in proceeding with the instant case, no compelling reason for the delay, and that they have suffered actual prejudice, the Defendants' Motions for Judgment of Non Pros are granted. As the Motions for Non Pros have been granted neither the Estate of Ranjit S. Dhaliwal, M.D., or Brinderjit S. Dhaliwal and Gurdeep S. Dhaliwal, the Executors of the Estate, shall be substituted as parties.