710 A.2d 1108

**Charles and Mollie MARINO, Appellants,**

**v.**

**James Harry HACKMAN, Jay Rollman & Sons and William Rollman Truck Rentals, Appellees.**

Supreme Court of Pennsylvania.

Argued April 28, 1997.

Decided April 2, 1998.

---

Dennis E. Boyle, Coudersport, for Charles and Mollie Marino.

Harry D. McMunigal, Reading, for James Harry Hackman, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

ZAPPALA, Justice.

We must determine whether non-docket activity may be considered when deciding whether a case should be terminated for inactivity pursuant to local rules implementing Rule of Judicial Administration 1901.[1] For the reasons set forth herein, we hold that non-docket activity may be considered.

On March 4, 1992, Appellants filed a complaint in Berks County seeking damages for injuries allegedly caused by Appellees' negligence in an automobile accident. The docket reflects activity during 1992, including an answer to the complaint and issues related to discovery. The final docket entry of the year was a discovery-related item on November 30, 1992. No docket entries followed for two years and a day until December 1, 1994, when the prothonotary of Berks County filed a notice of termination pursuant to Rule 1901 and Berks County Rule of Judicial Administration 1901. On January 30, 1995, new counsel for Appellants entered his appearance and two days later filed a motion to prevent termination.

A hearing was held on the motion, where it was established that the following non-docket activity occurred during the period of alleged inactivity. Arthur D. Rabelow, Esquire, was substituted for Appellants' first attorney, Donald Artzt, Esquire, due to Artzt's death sometime in 1992. In March, 1993, depositions of all parties were taken. In the ensuing months, Appellants tried to contact Rabelow several times, but he never returned their calls. They last spoke with Rabelow in

1. The companion cases of *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998), and *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998), also decided today, involve related issues. In *Jacobs*, we abandon the presumption of prejudice first enunciated in *Penn Piping, Inc., v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), and hold that the defendant must establish actual prejudice by the delay in prosecution. In *Shope*, we hold that the same standard applies to terminations pursuant to a defendant's motion for a judgment of non pros and the court's dismissal for inactivity pursuant to local rules implementing Rule of Judicial Administration 1901.

February, 1994, when he reported settlement negotiations and indicated that he would let them know how the negotiations were proceeding in two or three weeks. Rabelow never contacted Appellants, however, and in August, 1994, Appellants decided to hire another attorney and wrote to Rabelow, discharging him. They received no response from Rabelow. Appellants subsequently retained current counsel, Dennis E. Boyle, Esquire, in October, 1994, and he requested Appellants' file from Rabelow. After several months, Boyle was obliged to drive more than 200 miles to pick up the file at Rabelow's office. At the same time, Boyle received Rabelow's withdrawal of appearance which had been requested months earlier.

In addition to the foregoing activity, at least five letters were exchanged between counsel for Appellants and Appellees during the period August 6, 1993 and March 16, 1994, soliciting and communicating a settlement demand from Appellants. Appellees' counsel stipulated that there was also a telephone call in June, 1994, in which Rabelow told him he would send a certificate of readiness for trial, although it was never received.

Following the termination hearing, the trial court held that Appellants had failed to establish compelling reasons for the two years of inactivity on the docket, and ordered the case terminated pursuant to Berks County Rule of Judicial Administration 1901,[2] which was enacted pursuant to Pennsylvania Rule of Judicial Administration 1901.[3]

2. Berks County Rule of Judicial Administration 1901 essentially provides that in cases where there is no docket activity for a period of two years, the prothonotary shall advise the parties that the case will be terminated unless, within sixty days following the mailing of notice, one of the following documents are filed: (1) a motion requesting a hearing on the termination; or (2) a stipulation signed by all counsel and approved by the court, allowing the case to remain active. The rule further provides that after two years of docket inactivity, the court shall not act upon any document filed or motion made with the exception of the prothonotary giving notice or the action upon a motion for a hearing on the termination.

3. This rule provides as follows:
 RULE 1901. PROMPT DISPOSITION OF MATTERS: TERMINATION OF INACTIVE CASES

■ The Superior Court affirmed, holding that the reasons advanced by Appellants to explain the delay are not the type of reasons contemplated by our Court in *Penn Piping* or *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992).[4]

We begin our analysis by reviewing our holdings in the companion cases of *Jacobs* and *Shope.* In *Jacobs,* we held that to dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause *actual* prejudice to the defendant. 551 Pa. at 358, 710 A.2d at 1103.

In *Shope,* we held that the same standard applies to terminations pursuant to a defendant's motion for non pros and dismissals pursuant to a local rule implementing Rule 1901. We further held that equitable principles should be considered when dismissing a case pursuant to Rule 1901. 551 Pa. at 366, 710 A.2d at 1107.

■ This case gives us the opportunity to determine whether the second prong of the test for inactivity, i.e., whether the plaintiff set forth a compelling reason for the delay, should include consideration of activities which are not reflected on the docket. In *Penn Piping,* we stated that compelling rea-

(a) General Policy. It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

(b) Primary Responsibility for Implementation of Policy.

(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes....

4. An order terminating an action for failure of a plaintiff to prosecute his claim within a reasonable time is within the discretion of the trial court and will not be disturbed on appeal absent proof of an abuse of discretion. *Gallagher v. Jewish Hospital Association,* 425 Pa. 112, 113, 228 A.2d 732, 733 (1967).

sons for delay were set forth in "cases where the delaying party establishes the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law." We noted, however, that "[t]here may, of course, be other compelling reasons which will be determined on a case-by-case basis." 529 Pa. at 356 n. 2, 603 A.2d at 1009 n. 2. While we adhere to the view that each case must be examined on its merits, we find that non-docket activity can be examined in deciding whether a compelling reason exists.[5]

In recent years, many courts of common pleas have developed their own policies regarding which activities are to be recorded on the docket. In some counties, activity that was formerly recorded on the docket is no longer. This leads to a lack of uniformity in the application of Rule 1901 and also in the granting of judgments of non pros. We further recognize that some activities which are beyond the control of the plaintiff can cause delay in prosecution yet are not required to be docketed. This precise problem was anticipated in *Streidl,* where it was noted that "a case may be active but have no need of reflecting the activity on the docket...." (Opinion in Support of Reversal), 529 Pa. at 364 n. 1, 603 A.2d at 1013 n. 1 (1992).

Although the docket provides an empirical, easily verifiable criterion to trigger review of a case, it is too crude a mechanism to distinguish truly inactive, stale cases from active ones where activity is not reflected on the docket. Dismissal of a case is far too harsh a result when the case is not actually stale but was moving slowly forward.

■ Applying this standard to the instant case, we find that the lower court abused its discretion in dismissing the case for inactivity as a compelling reason existed for the delay in prosecution. This case had an unusual amount of activity not entered on the docket: the death of Appellants' first attorney and the substitution of his partner, an attorney not known to

5. This rule shall apply to all pending cases where the issue has been preserved.

or selected by Appellants; the taking of depositions of all the parties; the replacement of Appellants' second attorney because of Appellants' perception that he was not moving their case forward; the difficulties encountered by Appellants' third attorney in obtaining the case file from Appellants' second attorney as well as difficulty in getting the second attorney to withdraw his appearance; the exchange of letters seeking a settlement of the case; and, finally, a telephone discussion of certifying the case ready for trial.

 Quite simply, the foregoing record removes this case from the category of stale cases that the rules of judicial administration are designed to eliminate from the system. As we have already indicated, any one of the cited factors would be insufficient to salvage this case from dismissal for inactivity, yet the total picture painted by this record is that of a case proceeding, albeit slowly, towards disposition. This case provides a perfect example of activities and circumstances which, *in combination*, justify a delay in docket inactivity though each circumstance alone might be insufficient.[6] It was therefore an abuse of discretion to terminate the case.[7]

Accordingly, the order of the Superior Court is reversed and the case is remanded for further proceedings.

---

**6.** Our holding does not represent a departure from the rule that, in the ordinary case, an attorney's mistake or oversight does not constitute a compelling reason for a delay in prosecution. See *Hale v. Uhl*, 293 Pa. 454, 143 A. 115 (1928). At a minimum, a plaintiff must provide a reasonable explanation for counsel's error to prevent dismissal under Rule 1901 or entry of a judgment of non pros. *Moore v. George Heebner, Inc.*, 321 Pa.Super. 226, 467 A.2d 1336 (1983).

**7.** As we have found that a compelling reason existed for the delay, we need not examine whether Appellees were actually prejudiced by the delay.