Richard ROMSTEADT and Donna Marie Romsteadt, H/W

v.

ELF ATOCHEM NORTH AMERICA, INC., Appellant and Bramarq Construction Company t/a and d/b/a Hubbard Supply, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 27, 2001.
Filed May 29, 2001.

John Mattioni, Philadelphia, for appellant.

Dennis J. O'Leary, Philadelphia, for Bramarq, appellee.

Before: DEL SOLE, P.J., EAKIN and LALLY–GREEN, JJ.

DEL SOLE, President Judge.

¶ 1 This is an appeal from an order which, *inter alia,* dismissed with prejudice Appellant's Joinder Complaint against Appellee ("Hubbard"). The procedural history of this case may be summarized as follows. Richard Romsteadt and his wife filed a tort action against Appellant for injuries sustained by Romsteadt while working as an employee of Hubbard on Appellant's property. Appellant joined Hubbard as an additional defendant. The parties proceeded to arbitration, which was binding between the Romsteadts and Appellant, but non-binding between Appellant and Hubbard. The arbitrator entered an award, which was paid in full by Appellant. Hubbard refused to acknowledge the arbitration award; thus, Appellant filed a notice of appeal from the award as to matters relating to its claim against Hubbard. The notice of appeal, which requested a trial *de novo,* was filed July 23, 1997. After this date, no further action in the matter occurred until April 11, 2000, when Hubbard filed a Motion to Dismiss the Joinder Complaint for docket inactivity. After several intermediate procedural steps, the Motion to Dismiss was ultimately granted, upon a finding by the trial court that Hubbard had satisfied the requirements set forth in *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998).[1]

¶ 2 Appellant presents two issues for our review, both challenging the propriety of

---

1. Although the trial court utilized a *non pros* analysis in this case, we find that because the order dismissed the action with prejudice, it is final and appealable. *Hughes v. Fink,* 718 A.2d 316, 318 (Pa.Super.1998) (holding that where the trial court's order is a hybrid, entering a judgment of *non pros* and dismissing the action with prejudice, the order is final and appealable even without the filing of a petition to open or strike).

the trial court's findings under *Jacobs.* We find the first issue meritorious, thus, we need not address the second.

 ¶ 3 The test set forth in *Jacobs* establishes three requirements to dismiss a case for inactivity:

... there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause *actual prejudice to the defendant.*

*Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098, 1103 (1998).

 ¶ 4 The standard of review in such cases was also explained in *Jacobs,* "[a]s always, this determination [evaluating the three requirements] is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion." *Id.*

 ¶ 5 The trial court in this case found Appellant "failed to proceed with reasonable promptness." Trial Court Opinion, 8/10/00, at 3. The court noted the lack of docket activity from July 23, 1997 until April 11, 2000, when Hubbard filed its motion to dismiss. The court found that "since [Appellant] appealed the non-binding arbitrator's award, it was [Appellant]'s responsibility to notify the Court and request an expedited trial scheduling conference." *Id.*

¶ 6 Before the motion to dismiss was filed, the last docket activity occurred on July 23, 1997, when Appellant filed a "Notice of Appeal From Award of Private Arbitrator," in which Appellant notified the court of its appeal and requested the case "be restored to the trial list for disposition in a trial *de novo* in accordance with the above-referenced Order." The order referenced in and attached to the Notice of Appeal set forth the arbitration procedure in this case and stated: "If an appeal is taken [from the non-binding arbitration between Appellant and Hubbard], the matters in dispute as set forth in the Joinder Complaint against [Hubbard] and the pleadings related thereto, shall be restored to the trial list for disposition in a trial *de novo.*" Trial Court Order, 11/15/96, at 2.

¶ 7 Despite the trial court's unsupported statement to the contrary, we know of no other action which Appellant was required to take after filing the Notice of Appeal in order to move the case forward. It appears Appellant followed the language of the 1996 order outlining this case's specific arbitration procedure. Further, the trial court does not cite to any local or state rule requiring a request for an expedited scheduling conference, nor has our research uncovered one. Instead, we refer to Philadelphia Civil Rule 215, *Assignment of Cases in the Trial Division.* Specifically, the rule in effect at the time of the appeal provided, in pertinent part:

All non-arbitration cases and arbitration appeals shall be listed in the civil trial pool and shall be called for trial chronologically, by Court term and number. The civil trial pool shall consist of a major jury list, a general jury list (appeals from arbitration), a non-jury trial list (including appeals from arbitration), and an asbestos list.

Phila. Civ. R. 215(A)(2)(a).

 ¶ 8 In jurisdictions such as Philadelphia County where the court automatically lists cases for trial, neither party has any responsibility to take additional action to bring the case to trial. *Cf. Rubenstein v. AFT,* 713 A.2d 156 (Pa.Commw.1998) (holding that in Allegheny County a party who has praeciped to place case at issue has done everything necessary to move case forward). Appellant completed the required task to bring the case to trial when it filed the Notice of Appeal. Ac-

cordingly, the delay in this case is the fault of the court, not Appellant.

¶9 Because Appellant did not demonstrate a lack of due diligence in its execution of this case, the requirements in *Jacobs* were not met, and the motion to dismiss was improperly granted on those grounds.

¶10 Order vacated. Case remanded. Jurisdiction relinquished.