J-S14039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PARKING SALES-SERVICE CORPORATION, KEYSTONE STRUCTURES, INC., TRAFFIC & SAFETY SIGNS, INC., TINA M. HUTCHINSON, KEVIN HALLIDAY, PAUL W. HUTCHINSON, II, MICHAEL F. DOUGHERTY, ANTHONY P. HUTCHINSON, BONNIE DOUGHERTY, MARK LaMONTE AND ANTHONY HUTCHINSON, JR., | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| JOEL TOUB, WEISS, TOUB, REARDON & COMPANY, PAUL A. GUARINI AND SKLAR CARMOSIN & COMPANY, | : : : : | |
| Appellees | : | No. 2401 EDA 2014 |

Appeal from the Order entered on June 11, 2014
in the Court of Common Pleas of Montgomery County,
Civil Division, No. 02-22446

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED MARCH 30, 2015**

Tina M. Hutchinson (hereinafter "Hutchinson"), one of the numerous

plaintiffs who initiated this action (collectively "Plaintiffs"),[1] appeals from the

---

[1] Aside from Hutchinson, the remaining Plaintiffs are no longer involved in this action and are not parties to this appeal.

Order denying her Petition to Strike/Open (hereinafter "Petition to Open")[2]

the judgment of *non pros* entered against her and in favor of Joel Toub,

Weiss, Toub, Reardon & Company, Paul A. Guarini, and Sklar Carmosin &

Company (collectively "Defendants").  We affirm.

The trial court concisely set forth the relevant factual and procedural

history underlying this appeal as follows:

On October 15, 2002, Plaintiffs filed a [C]omplaint alleging that between 1988 and 2000, they became creditors and/or investors in Chelsea Check Cashing Agency ("Chelsea") – a check cashing business.  Defendants were accountants and/or creditors/investors of Chelsea.  During this time, Defendants examined Chelsea's books and prepared financial statements, which were the basis of Plaintiffs' financial decisions.  Plaintiffs alleged that Defendants' negligent actions (*i.e.* not counting cash on hand and allowing the bank accounts to be consistently overdrawn) ultimately led to the closure of Chelsea.  The [C]omplaint includes counts for negligence, negligent misrepresentation, breach of fiduciary duty and fraud.

Pursuant to [P]reliminary [O]bjections, the [trial c]ourt (through an Order dated January 9, 2004) dismissed the negligence and breach of fiduciary duty claims of [] Kevin Halliday, Paul Hutchinson, Michael F. Dougherty and Bonnie Dougherty.  On November 1, 2005, the [c]ourt entered an Order dismissing all claims against Defendant Weiss, Toub, Reardon & Company.  On May 31, 2007, the remaining Defendants moved for summary judgment.  On July 22, 2008, the [c]ourt entered an Order granting in part and denying in part this [M]otion for summary judgment.  The [c]ourt dismissed all remaining claims of Kevin Halliday, Paul Hutchinson, Michael Dougherty, Mark LaMonte and Anthony Hutchinson[,] and dismissed the breach of

_____

[2] Hutchinson's Petition to Open is not a petition to strike, as it did not allege any defects appearing on the face of the record.  ***See Dental Care Assocs. v. Keller Eng'rs, Inc.***, 954 A.2d 597, 600 n.2 (Pa. Super. 2008) (stating that "[i]t is well-established that a [petition] to strike off a judgment of *non pros* challenges only defects appearing on the face of the record …." (citation omitted)).

J-S14039-15

fiduciary duty claim of [] Hutchinson.  On May 13, 2010, the
Defendants filed for summary judgment as to all remaining
Plaintiffs.  Through an [O]rder dated July 12, 2011, the [c]ourt
granted summary judgment as to all remaining claims of all
Plaintiffs except for [] Hutchinson['s claims of] professional
negligence, fraud and negligent misrepresentation.

On November 30, 2012, Defendants filed a "Motion for
Entry of Judgment of *Non Pros* Pursuant to Pennsylvania Rule of
Civil Procedure 208.1[,]" and [Hutchinson] filed a response on
January 2, 2013.  The [trial c]ourt heard argument on
September 6, 2013[,] and granted Defendants' [M]otion and
dismissed the matter through an [O]rder dated September 10,
2013.  On September 20, 2013, [Hutchinson] filed [the Petition
to Open,] and Defendants filed a response on October 28, 2013.
The [trial c]ourt heard argument on the matter on June 10,
2014[,] and denied [the P]etition [to Open in] an Order dated
June 11, 2014.

Trial Court Opinion, 9/3/14, at 1-2 (citation to record and footnote omitted).

Hutchinson timely filed a Notice of Appeal, followed by a Pa.R.A.P.

1925(b) Concise Statement of Errors Complained of on Appeal.  Hutchinson

instantly presents the following issues for our review:

I.   Did the trial court err in entering a Judgment of *non pros*
     on September 10, 2013, where (1) [Hutchinson] had
     clearly and sufficiently set forth facts that supported a
     meritorious cause of action, including the [c]ourt's denial
     of summary judgment as to the claims of [] Hutchinson;
     (2) any claimed delay or failure to proceed was
     occasioned by the Defendants'[] own dilatory behavior in
     failing to bring discovery to a close by failing to produce
     an expert report as Ordered by the [trial] court; and (3)
     Defendants[] failed to show any actual prejudice?

II.  Did the trial court err in denying [the] Petition to [Open]
     … where (1) [the] Petition was timely filed; (2)
     [Hutchinson] had clearly and sufficiently set forth facts
     that supported a meritorious cause of action; (3) the
     record of the proceedings granting a judgment of *non pros*
     did not support a finding that there had been a lack of due

- 3 -

diligence on the part of [Hutchinson] or any failure to proceed with reasonable promptitude since any claimed delay and/or failure to proceed was occasioned by the Defendants'[] own dilatory behavior in failing to bring discovery to a close by producing an expert report as [o]rdered by the court; and (4) Defendants[] failed to show any actual prejudice[?]

Brief for Appellant at 2-3. We will address Hutchinson's issues simultaneously, as they are related.

A request to open a judgment of *non pros,* like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court[.] … Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike. … [A] trial court's decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard.

***Bartolomeo v. Marshall***, 69 A.3d 610, 613-14 (Pa. Super. 2013) (citations to case law and quotation marks omitted).

Pennsylvania Rule of Civil Procedure 3051 governs the relief available from a judgment of *non pros*. Pa.R.C.P. 3051; ***see also Bartolomeo***, 69 A.3d at 613 (observing that "[a] petition under Pa.R.C.P. 3051 is the only means by which relief from a judgment of *non pros* may be sought."). In order for a judgment of *non pros*, entered based upon a plaintiff's inactivity, to be opened, Rule 3051(c) mandates that the petition must allege facts showing that

(1) the petition is timely filed,

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements

- 4 -

for entry of a judgment of *non pros* for inactivity have been satisfied:

> (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,
>
> (ii) the plaintiff has failed to show a compelling reason for the delay, and
>
> (iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051(c) (note omitted).

Here, there is no dispute that, under Rule 3051(c)(1), Hutchinson timely filed the Petition to Open. Additionally, concerning subsection 3051(c)(2), Hutchinson attached to the Petition an expert report opining that this case contains a meritorious cause of action. Notwithstanding, our disposition of this appeal turns upon whether Hutchinson met the three requirements set forth in subsection 3051(c)(3)(i-iii) (collectively referred to as "the *non pros* requirements").[3]

According to Hutchinson, any delay was solely attributable to Defendants' "failure to abide by th[e trial c]ourt's Order of March 15, 2005, and produce an expert report." Brief for Appellant at 5; ***see also id.*** at 7-8 (arguing that "the [t]rial [c]ourt abused its discretion when it allowed Defendants[] to reap the benefits of their own dilatory conduct[,] when the court should have estopped them from obtaining the equitable remedy of

---

[3] The *non pros* requirements were established in the Pennsylvania Supreme Court's seminal case of ***Jacobs v. Halloran***, 710 A.2d 1098 (Pa. 1998).

*non pros* due to their own failure[.]").  Additionally, Hutchinson challenges the trial court's application of subsection 3051(c)(3)(iii) (hereinafter referred to as "the prejudice prong"), asserting that the delay did not "**cause** actual prejudice to [Defendants]."  *Id.* at 8-9 (quoting Pa.R.C.P. 3051(c)(3)(iii) (emphasis supplied by Hutchinson)).  Specifically, Hutchinson contends that

> the alleged prejudicial events[, *i.e.*, the death of two of Defendants' witnesses (the director of one of the Defendant companies and his successor), the disappearance of one of Defendants' experts, and serious illness of one of the Defendants,] occurred prior to the [trial] court's imposed discovery deadline for Defendants' expert reports[,] thereby making it logically impossible for [Hutchinson's] alleged delays/inactivity to have caused the prejudice alleged by [] Defendants.

Brief for Appellant at 6; *see also id.* at 11 (arguing that "all of the prejudicial events occurred prior to the Defendants' summary judgment [M]otion in 2011[,]" and "there is no[] [] evidence that the ensuing time period during which [Hutchinson] failed to move the [trial] court following the lack of production of an expert report by the Defendants exacerbated the effects of the **already** missing witnesses." (emphasis in original)).

In its Opinion, the trial court determined that the *non pros* requirements were not met in this case, finding as follows:

> With regard to the first [] of the [*non pros* requirements, *i.e.*, a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude], the last [M]otion filed by [Hutchinson] (before the entry of *non pros*) was a "Motion to Compel Discovery" on July 12, 2007, which was later withdrawn. For over five years, [Hutchinson] has failed to file any documents to move her case forward. Additionally, [Hutchinson] has failed to engage in any non-docket activity (*i.e.* mediation or

settlement negotiations) during this time. Consequently, the [trial c]ourt determined that this five-year delay constituted a lack of due diligence on the part of [Hutchinson]. [Hutchinson] now attempts to claim that this delay was caused by Defendant[s'] failure to produce an expert report, pursuant to an [O]rder of March 15, 2005, which stated, "Defendants shall have 45 days to produce an expert report after the Court rules on motions for complete summary judgment." The [trial c]ourt ruled on summary judgment on July 12, 2011[,] and, per [Hutchinson], Defendants' expert report was due by August 26, 2011.[FN]

> [FN] Defendants claimed that on February 10, 2006, mediation was scheduled in an attempt to resolve both this case and its parallel federal lawsuit and, at this time, an expert report in the federal litigation was provided to [Hutchinson].

However, [concerning the second *non pros* requirement,] the [c]ourt found no compelling reason for this delay[,] as the delay could have been easily rectified by [Hutchinson]. The [c]ourt finds it inexplicable why [Hutchinson] (instead of filing a motion for sanctions, a motion for contempt or seeking **any** sort of relief from the [c]ourt for Defendants' alleged failure to provide the report) allowed her case to remain stagnant from August 26, 2011 (the date the report was due)[,] until September 20, 2013 (the date she filed the [M]otion to open/strike the judgment of *non pros*). While the [trial court] recognizes that the law specifically states that a defendant is not to reap the benefits of a judgment of *non pros* when it is he who caused the delay[,] it is th[e trial c]ourt's belief that there is a distinct difference between a defendant who has caused a delay (*i.e.* through vexatious, dilatory or obdurate conduct) and the [D]efendants in the case at bar. [The Superior Court has stated that "i]f plaintiff's counsel finds himself faced with delays created by others, he must take action to move the case forward, such as filing praecipes for argument on undecided motions, moving to compel his opponent to file a certificate of readiness, or requesting a conference with the judge, as provided by local rule[,] to have the case put on the trial list.["] ***Independent Technical Services v. Campo's Express, Inc.***, 812 A.2d 1238, 1240 (Pa. Super. 2002) [(citation and brackets omitted)]. [Hutchinson] in the instant case had remedies to move her case forward. She did not have to let her case remain essentially

inactive for five years waiting for an expert report. The law is settled that it is plaintiff, not defendant, who bears the risk of failing to act within a reasonable time to move a case along. ***Shope v. Engle***, 710 A.2d 1104, 1108 (Pa. 1998) …. The fact that [Hutchinson] finally, on January 2, 2013, in her "Response to Motion for Entry of Judgment[,]" stated that she "*intend*[*s*] on filing a Motion for Sanctions based on Defendants['] failure to provide an expert report within the time frame specified by this Honorable Court[,]" does not rectify the lack of due diligence demonstrated by [Hutchinson]. (emphasis added).

With regard to the final [*non pros* requirement], the [trial court] concluded that there was prejudice to Defendants due to [Hutchinson's] unnecessary delay. Examples of prejudice include death of or [the] unexplained absence of material witnesses. ***Jacobs***[, 710 A.2d] at 1101. Not only have two of Defendants' witnesses passed away (Seymour Saslow ["Saslow"] in 2007 and Philip Marx ["Marx"] in 2012 – the director and his successor of Sklar Carmosin & Company)[,] but Defendant Toub was diagnosed with *myasthenia gravis* (a neuromuscular disorder that causes difficulty speaking and breathing) in October 2007. This diagnosis has impacted Defendant Toub's ability to assist in his own defense. Additionally, Defendants expert witness, William Loscalzo ("Loscalzo"), who was retained in 2003, retired in approximately 2010[,] and can no longer be found. Defendants expended approximately $11,000 in payments to Loscalzo, partly on a meeting between Loscalzo, Saslow and Marx, which obviously cannot be recreated with a new expert. Based on an analysis of the above three prongs, it is th[e trial c]ourt's conclusion that the entry of the judgment of *non pros* was proper.

Trial Court Opinion, 9/3/14, at 3-4 (footnote in original).

Our review confirms that the trial court's analysis is supported by the record and the law, and we find no abuse of discretion in the court's determination that all of the *non pros* requirements were met in this case. ***See id.***; ***see also Hughes v. Fink, Fink & Assocs.***, 718 A.2d 316, 320, 312 (Pa. Super. 1998) (where the plaintiff challenged the trial court's denial

of his petition to open the judgment of *non pros* entered against him, following a four-year period of inactivity on the case, by arguing that the delay was caused by the defendants' failure to produce plaintiff's requested discovery documents, this Court stated that, "although [the plaintiff] attempts to establish a compelling reason for delay in [the defendants'] alleged failure to comply with discovery requests, we find that it is actually [plaintiff] who is responsible for the delay in failing to move this matter forward by timely filing a motion to compel."); *see also id.* at 320 (emphasizing that it is the plaintiff's responsibility to move the case forward).

Additionally, we are unpersuaded by Hutchinson's argument that the prejudice prong was not met because there was no "causal relationship between the delay and the actual prejudice." Brief for Appellant at 9.[4] The record clearly supports the trial court's finding that Defendants suffered prejudice from the death/illness/disappearance of several of its witnesses during the significant period of inactivity in this case. Moreover, contrary to Hutchinson's position, some of the prejudicial events occurred after July and August of 2011 (when the trial court granted Defendants' Motion for

---

[4] We observe that Hutchinson did not raise this specific argument in her Petition to Open or in her Pa.R.A.P. 1925(b) Concise Statement. **See** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal); Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the [Concise] Statement … are waived."). Nevertheless, we conclude that this argument fails on its merits.

summary judgment, and Defendants' expert report was due).[5]  Finally, we conclude that the case upon which Hutchinson relies in support of this claim, ***Manson v. First Nat'l Bank***, 77 A.2d 399 (Pa. 1951), is distinguishable because, in that case, the prejudicial events occurred during a period of delay that *the defendant* had caused.  ***See id.*** at 402 (where the defendant argued that the entry of a judgment of *non pros* against the plaintiffs was proper, and that defendant had been prejudiced because four of its witnesses had died since the institution of the suit, holding that the prejudice prong was not met because "any delays that occurred in the progress of the action … were occasioned, not by plaintiffs, but rather by defendant itself[.]").  In the instant case, even assuming, *arguendo*, that Defendants had caused some delay by not producing the expert report, as discussed ***supra***, Hutchinson failed to take any action for over two years to move her case forward after the time when Defendants' expert report was due, and she failed to offer any compelling reason for her inactivity.

Based upon the foregoing, we discern no abuse of discretion by the trial court in denying Hutchinson's Petition to Open, as Hutchinson did not meet the requirements of Pa.R.C.P. 3051.

Order affirmed.

---

[5] We additionally observe that the trial court found, and the record supports, that Hutchinson's inactivity dates back to July 2007, *i.e.*, when Hutchinson filed her Motion to Compel Discovery, which she later withdrew.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015