J-A27001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARCELLA DALVERNY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BURGETTSTOWN BOROUGH, WASHINGTON COUNTY REDEVELOPMENT AUTHORITY, WASHINGTON COUNTY ET AL. | |
| Appellees | No. 773 WDA 2016 |

Appeal from the Order Entered April 22, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2005-6121

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 23, 2018**

Appellant, Marcella Dalverny, appeals from the order dated April 19, 2016, and entered of record on April 22, 2016, in the Washington County Court of Common Pleas, dismissing with prejudice Appellant's civil action, under local rule L-1901, enacted pursuant to Pennsylvania Rule of Judicial Administration 1901.  After careful review, we affirm.

The trial court summarized the facts and procedural posture of this case as follows:

> This case was commenced by Writ of Summons filed on August 29, 2005, by [Appellant] versus [Burgettstown Borough, Washington County Redevelopment Authority, Washington County, *et al.* (collectively "Appellees")].  In the action, [A]ppellant seeks money damages against [Appellees], alleging trespass, a *defacto* taking of her property and the violation of

her Federal civil rights regarding [A]ppellant's use of her residential driveway.

Following the filing of the Writ of Summons of August 29, 2005, the praecipe to reissue the Writ filed December 9, 2005, and the certificates of service filed December 5, 2005 and January 12, 2006, no activity appears on the docket until December 5, 2008, when an administrative Notice to Terminate for inactivity was filed and issued to [A]ppellant. Counsel for [A]ppellant responded by filing a "Statement of Intention to Proceed" on January 26, 2009. The only docket entries revealed thereafter are the issuance of two additional Notices to Terminate for inactivity, dated December 6, 2011 and October 16, 2015, and two responsive "Statements of Intention to Proceed" filed on behalf of [A]ppellant on February 13, 2012, and December 15, 2015. After each of these filings, no motions or other proceedings were undertaken in this case and no testimony was taken.

On December 23, 2015, [Appellee,] Burgettstown Borough[,] filed a Rule to File Complaint, and the Prothonotary of Washington County issued a rule upon [A]ppellant as plaintiff to file a complaint within twenty (20) days or suffer entry of a judgment of non pros. Appellant did not respond to the rule except to file an amended certificate of service of her "Statement of Intention to Proceed" dated December 14, 2015.

On March 21, 2016, the court issued is [*sic*] order pursuant to Pa.R.J.A. 1901(c) and Local Rule L-1901, scheduling a hearing to determine whether good cause exists for allowing the case to proceed. After a hearing in this matter held on April 19, 2016, … the court found that there had been periods of inactivity on the docket well in excess of two years, that [A]ppellant failed to show good cause for the delay, and that good cause did not exist for allowing the case to proceed. The lower court [dismissed the case with prejudice pursuant to Pa.R.J.A. 1901(a) and] issued an order to this effect[,] which was filed on April 22, 2016.

Trial Court Opinion ("TCO"), 6/23/17, at 1-3 (footnotes omitted).

On May 19, 2016, Appellant filed a timely notice of appeal, followed by

a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal. Appellant presents the following issues for our review:

I. Whether the trial court committed an error of law in failing to recognize that record activity in the form of a filing of a rule to file complaint, followed by the filing of the complaint made inapplicable the stale case rule and/or constituted a waiver of the rule?

II. Whether the trial court erred and/or abused its discretion in finding no good cause for a delay in light of non-docket explanations including an interrelationship with another pending case and the value of the delay and support of bringing peace to the neighborhood, hence constituting good cause?

Appellant's Brief at 7 (unnecessary capitalization omitted).

To begin, we note that "[t]he question of whether an action has been properly terminated pursuant to Pa.R.J.A. 1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." **Tucker v. Ellwood Quality Steels Co.**, 802 A.2d 663, 664 (Pa. Super. 2002) (internal citations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Dibish v. Ameriprise Fin., Inc.**, 134 A.3d 1079, 1095 (Pa. Super. 2016).

Pursuant to Rule 1901, "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." Pa.R.J.A. 1901(a). Moreover,

- 3 -

"each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court…." Pa.R.J.A. 1901(b).

Accordingly, the Washington County Court of Common Pleas enacted local rule L-1901, which states, in relevant part:

**L-1901 Prompt Disposition of Matters; Termination of Inactive Cases**

(a) The Court Administrator, no less than once per year, shall prepare, or cause the Prothonotary to prepare, a list of civil cases for general call in which no steps or proceedings have been taken for two years or more prior thereto, and shall give notice thereof to counsel of record, and to the parties of whom no appearance has been entered, as provided by Pa.R.J.A. 1901(c).[1] Thereafter, if a written objection, or written intention to proceed, is not docketed in such a manner prior to the commencement of the general call, the Court Administrator shall strike the matter from the list, and cause an order to be entered as of course dismissing the matter with prejudice for failure to prosecute, under the provisions of this rule.

(1) If a written objection, or written intention to proceed, is docketed prior to the general call, a hearing shall be promptly scheduled by the court to determine if good cause exists for continuing the matter. No case in which a

---

[1] In accordance with Rule 1901(c), "[b]efore any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination…." ***Id.***

period of inactivity is greater than two years shall proceed in the absence of good cause.

In *Hughes v. Fink, Fink & Associates*, 718 A.2d 316 (Pa. Super. 1998), we provided the following detailed analysis of a series of cases decided by our Supreme Court, which govern the entry of a judgment of non pros in this Commonwealth:

> In *James Bros. Lumber Co. v. Union Banking & Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968), our Supreme Court announced that judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. *Id.* at 132, 247 A.2d at 589. Many years later, in *Penn Piping, Inc. v. Insurance Co.* of North America, 529 Pa. 350, 603 A.2d 1006 (1992), the Court while preserving the first two elements of this three part analysis, refined the prejudice prong and held that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Id.* at … 1009.
>
> Recently, the standard governing the entry of judgment of non pros was again reexamined in a trio of cases decided by our Supreme Court. In *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998), the Court abandoned the presumption of prejudice first announced in *Penn Piping*, *supra*, and, citing the equitable principles underlying the entry of a judgment of non pros, concluded that[,]
>
>> the presumption is inconsistent with the well-established notion that the adversary must suffer harm before a case is dismissed for lack of prosecution…. In cases where no activity has occurred for a period of two years, but the defendant has not lost his ability to adequately prepare a defense, it serves no equitable purpose to dismiss the plaintiff's case solely due to the passage of time…. [Thus, t]he effect of our decision today is to return to the three part test of *James Brothers*.

- 5 -

*Jacobs*, … 710 A.2d at 1102-03.  Therefore, before a case may be dismissed for lack of activity pursuant to a defendant's motion for non pros, it must be shown that the delay caused actual prejudice.  *Id.* at 1103.

In the companion case of *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998), the Court held that the same standard announced in *Jacobs* applies both to terminations pursuant to a defendant's motion for judgment of non pros and a trial court's dismissal of an action for inactivity on its own initiative pursuant to local rules implementing Rule of Judicial Administration 1901, relating to the prompt disposition of matters and the termination of inactive cases.  [*Shope*], 710 A.2d at 1107-08.  The third case of the *Jacobs* trio, *Marino v. Hackman*, 551 Pa. 369, 710 A.2d 1108 (1998), involved a dismissal by the trial court pursuant to a local rule implementing Pa.R.J.A. 1901, and held that in examining the second prong of the non pros test for inactivity, *i.e.*, whether there were compelling reasons for the delay, a court may consider evidence of non-docket activities. *Id.* … at 1111 (finding abuse of discretion in trial court's dismissal for inactivity where there was an "unusual amount" of non-docket inactivity; non-docket activity revealed case was proceeding, albeit slowly, towards disposition).

*Hughes*, 718 A.2d at 318-19 (footnote omitted).

We must now apply these principles to the instant case and review the trial court's determination as to each prong of the *Jacobs'* test.  We start first with an examination of due diligence.  Appellant interestingly claims that the record fails to show two years of inactivity.  Appellant's Brief at 11.  In support of her claim, Appellant asserts that a complaint was filed prior to the April 19, 2016 hearing scheduled by the court.  *Id.* at 12.[2]  She

---

[2] We note that Appellees' rule to file complaint was issued on December 23, 2015, directing Appellant to file a complaint within 20 days.  However, Appellant did not file her complaint until April 11, 2016, just days before the scheduled hearing and more than eleven years after the filing of the original writ.

concludes that this matter does not even qualify as "inactive," due to Appellee's filing of a rule to file complaint. *Id.* The record clearly belies Appellant's claims.

As the trial court reasoned in dismissing Appellant's civil case, "Appellant filed the complaint **eleven (11) years** after the action was commenced by writ of summons, and after three separate instances of delays of two years or more." TCO at 5 (emphasis added). In reviewing the docket, the court found no significant activity – merely, the occasional filing of statements of intention to proceed in response to administrative notices to terminate for inactivity. "Due diligence requires more than merely filing a certificate of active status," *Hughes*, 718 A.2d at 319, especially when, as here, Appellant repeatedly failed to do anything to move the case forward after each subsequent filing of her statements of intention to proceed. *See id.* (finding that "merely filing a certificate of active status and paying the nominal filing fee is not enough to establish due diligence and preclude the entry of a judgment of non pros based on inactivity, especially when … Appellant filed the certificate of active status and thereafter failed to do anything to move the case forward for almost two years").

Appellant further avers that the filing of the rule to file complaint prompted settlement discussions between the parties and appears to imply that this demonstrates due diligence and a willingness to proceed. *See* Appellant's Brief at 12. While we recognize that the trial court is free to consider the specific circumstances of each case, including non-docket

- 7 -

activity, when determining whether due diligence is exhibited, we conclude that the alleged settlement discussions fall short of establishing this prong of the **Jacobs'** test. **See Hughes**, 718 A.2d at 320 (indicating that two months of non-docketed discovery was insufficient to establish due diligence after almost four years elapsed without docket activity). Accordingly, we discern no abuse of discretion by the trial court.

Next, Appellant argues that the trial court erred in finding no good cause for the delay. She avers that the delay was partially due to the "interrelationship between this case and another pending case, which … seemed likely to settle and is still active." Appellant's Brief at 14. However, after a hearing on this matter, the trial court concluded that "Appellant fail[ed] to identify any specific good cause that justifies leaving the case open for over a decade, with multiple three year periods of inactivity." TCO at 5. The court further opined:

> This circumstance can be attributed to no party other than [A]ppellant. At the hearing before the lower court on April 19, 2016, [A]ppellant offered no testimony, evidence or exhibits, but offered only the arguments of her counsel. During argument, the only explanation offered by [A]ppellant's counsel for the extensive delay was that allegedly attributable to a companion case, **Dalverny v. Burgettstown Borough, et al.**, docketed at No. 2006-7717. However, [A]ppellant offered no evidence or exhibits in this regard. The Washington County docket reveals that at the time of the hearing on the instant case, … the "companion case" had not had any docket activity since November 19, 2013, and since then only the issuance of a notice of dismissal pursuant to Pa.R.J.A. 1901, filed March 15, 2017.

***

> [S]uch a broad, catch-all interpretation of "good cause" as [A]ppellant would argue would result in numerous cases being left open indefinitely, causing actual prejudice to defendants and wasting judicial resources…. [A]ppellant's actions, or lack thereof, are exactly the type of behavior Pa.R.J.A. 1901 seeks to prevent….

*Id.* at 6. After careful review, we deem the trial court's finding to be adequately supported by the record, and we discern no abuse of discretion.

Finally, although Appellant's Rule 1925(b) statement and her brief list only two issues and appear to challenge only the first two prongs of the *Jacobs'* test, Appellant also calls into question the trial court's finding regarding the third prong, within the body of her brief. More specifically, she asserts that there can be no actual prejudice for Appellee, Burgettstown Borough, since they "actively undertook to prosecute the case when they filed the recent rule to file a [c]omplaint which was responded to." Appellant's Brief at 16. It is well-established that "[a]n appellant's failure to include an issue in his Rule 1925(b) statement waives that issue for purposes of appellate review." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006) (internal citations omitted). Accordingly, we conclude that this third issue has been waived.

Nevertheless, even if Appellant had properly preserved this issue, we would conclude that her claim is without merit. Although the lower court did not address its finding regarding prejudice in its opinion, due to Appellant's failure to raise this issue in her court-ordered Rule 1925(b) statement, the record clearly supports a finding of actual prejudice.

The Pennsylvania Supreme Court held that "prejudice could be established by the death or absence of a material witness." ***Jacobs***, 710 A.2d at 1103. This Court has further defined prejudice as "any substantial diminution of a party's ability to properly present its case at trial." ***Id.*** (citing ***Metz Contracting, Inc. v. Riverwood Builders, Inc.***, 520 A.2d 891, 894 (Pa. Super. 1987)). ***See also Shope***, 710 A.2d at 1108 (upholding the trial court's finding that the appellees were prejudiced by the death of a possible expert witness).

In the instant matter, the record reflects that both of the named Redevelopment Authority of Washington County employees, Robert M. Umstead and Stephen S. Wiencek, have retired since the filing of the original writ in 2005. Appellee's Brief at 3. Moreover, none of the Redevelopment Authority board members at the time of the original writ filing currently serve as board members, and several individuals named in the writ are now deceased. ***Id.***; ***see also*** N.T. Hearing, 4/19/16, at 6. This is not surprising, considering the civil action was dormant for ten years. Additionally, because no factual basis was provided for the filing of the writ in 2005, we agree that Appellees were prejudiced in that their ability to preserve records or recollections was hindered by the delay. ***See id***.

Thus, in light of the purpose sought to be served by Rule 1901, we conclude that the trial court did not abuse its discretion in ordering dismissal pursuant to the mandate of that rule. Accordingly, we affirm the order entered on April 22, 2016, dismissing Appellant's civil action with prejudice.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/23/2018